IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMAS GARIN § | | |
|     *Plaintiff(s)* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-03-3294 |
| § | | |
| AETNA HEALTH AND LIFE § | | |
| INSURANCE COMPANY § | | |
|     *Defendant(s)* § | | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant's motion for summary judgment (Doc. 21). After considering the motion, the record, and the applicable law, the Court **ORDERS** that the motion is **GRANTED**. Final judgment is entered in favor of Defendant.

**I.     BACKGROUND AND RELEVANT FACTS**

This is a wrongful denial of benefits case in which Plaintiff Tomas Garin ("Garin") is suing Defendant Aetna Life Insurance Company ("Aetna")[1] under Section 502(a) of ERISA[2] to recover long-term disability ("LTD") benefits under a self-funded employee welfare benefit plan (the "Plan") established and maintained by Garin's former employer, Hoechst Celanese Corporation ("HCC"). Aetna advances two arguments in favor of its motion for summary judgment: (1) as the *former* claims administrator of a *self-funded* ERISA plan, Aetna currently has no authority to pay benefits to Garin on behalf of the Plan, even if such benefits are due under the Plan's terms, and accordingly Garin does not have a redressable claim against Aetna;[3]

---

[1] Aetna noted without objection that Garin originally incorrectly named it "Aetna Health and Life Insurance Company." *Defendant's Motion for Summary Judgment and Brief in Support* (Doc. 21) at 1.

[2] 29 U.S.C. § 1132(a), Employee Retirement Income Security Act of 1974.

[3] *See Hall v. LHACO, Inc.*, 140 F.3d 1190 (8th Cir. 1998).

(2) Garin's claim to recover LTD benefits also fails because Aetna acted within its discretion in terminating his LTD benefits.  As discussed below, the Court finds that (1) there is no material dispute of fact regarding Aetna's first argument and (2) Aetna is entitled to summary judgment on that basis alone.  Accordingly, the Court need not and does not reach Aetna's second argument.

**A.    The Plan, Aetna's Role as Administrator, and the Terms of Coverage for LTD Benefits**

At all times relevant to this lawsuit, HCC was the Plan Administrator, and LTD benefits available under the Plan were *self-funded* by HCC through employee and employer contributions.[4]  Under the terms of the Administrative Services Contract ("ASC") between Aetna and HCC, HCC delegated to Aetna the authority to make claims determinations in accordance with the terms of the Plan.[5]  Aetna also issued Plan benefits by checks drawn on a bank account funded by the Plan, and the Plan remained liable for all benefits payments.[6]  The ASC terminated, and as of 01 January 2004 Aetna no longer provided any claims administrative services to the Plan.[7]  The only competent summary judgment evidence of record establishes that Aetna no longer has any authority to pay any benefits under the Plan.[8]

Subject to its other terms and conditions, the Plan paid LTD benefits to eligible participants for periods of "total disability" defined as:

---

[4] *See* Ex. 1-10, ¶ (b) ("Aetna shall not be liable or use its funds for the payment of benefits under the Plan of the Contractholder . . . or to assume liability of the Contractholder for the payment of benefits under the Plan"); Ex. 3-2 ("These benefits are not insured with Aetna Life Insurance Company ("Aetna") but will be paid from the Employer's funds.").  Unless otherwise noted, all Exhibit ("Ex.") references are to the exhibits attached to *Defendant's Motion for Summary Judgment* (Doc. 21), the titles of which are listed on page 3 of that motion.

[5] *See* Ex. 1-1; Ex. 1-10, ¶ (b); Ex. 3-2.

[6] *See* Ex. 1-5 to Ex. 1-6.

[7] *See* Exhibit A, Affidavit of Michael E. Evans at ¶ 4.

[8] *Id.*

- **In the first 24 months** of a period of total disability:

    You are not able, solely because of injury or disease, to work at **your own occupation**.

- **After the first 24 months** of a period of total disability:

    You are not able, solely because of injury or disease, to work at **any reasonable occupation**. (This is any gainful activity for which you are, or may reasonably become, fitted by education, training or experience. It does not include work under an approved rehabilitation program.).[9]

The Plan further provided that LTD benefits will cease on the date the participant is no longer disabled or when the participant begins work at a reasonable occupation.[10]

**B.    Garin's Claim For LTD Benefits Under The Plan**

HCC first employed Garin as a machinist in 1991.[11] Seven years later, in December 1998, Garin claimed to be disabled from work at HCC due to chronic pain allegedly resulting from nerve damage to his right shoulder after a flu shot.[12] After a 26-week waiting period under the Plan, Garin applied for LTD benefits.

On 25 June 1999, Aetna received a Disability Attending Physician's Statement ("APS") signed by Marie W. LeBas, M.D.[13] In her APS, Dr. LeBas reported that Garin was limited in the activities that he could perform with his right arm but he would be able to return to work at an

---

[9]  *See* Ex. 3-3 (emphasis added).

[10] *Id*. at 3-4.

[11] *See* Ex. 7-1 and Ex. 7-4.

[12] *See* Plaintiff's Original Complaint at p. 2 ¶ III. *See also* Ex. 7-4 to 7-6.

[13] *See* Ex. 7-4. *See also* Ex. 4-19 to 4-20.

occupation other than his own.[14]  She also reported that at that time, Garin was capable of sedentary activity.[15]

Upon review of Garin's claim, Aetna determined that Garin was "totally disabled" from his *own occupation* under the terms of the Plan as of 30 December 1998.  Garin began receiving LTD benefits starting 30 June 1999.[16]

### C.     Aetna's Decision To Terminate Garin's LTD Benefits Under The Plan

The Plan required Garin to submit proof of an ongoing disability in order to continue to receive LTD benefits.[17]  In March of 2000, Aetna requested a current APS from Garin.[18]  The following month, Aetna received an APS signed by Arun Sharma, M.D., dated March 31, 2000.[19]  Contrary to Dr. LeBas' APS, Dr. Sharma reported that Garin was not expected to return to work or hold any gainful employment due to limitations on the use of his upper right arm.

Upon receipt of Dr. Sharma's APS, Aetna initiated a further investigation of Garin's claim.  First, it requested Garin's medical records.[20]  Second, it requested a home interview by an independent claims services company.[21]  Third, Aetna ordered an independent medical evaluation ("IME"), and, finally, Aetna requested an independent investigation of Garin's daily activities.[22]

---

[14]  *See* Ex. 4-19 to 4-20.

[15]  *Id.*

[16]  *See* Ex. 7-1.

[17]  *See* Ex. 3-3 and 3-4.

[18]  *See* Ex. 7-7.

[19]  *See* Ex. 7-9.  *See also* Ex. 4-47 to 4-49.

[20]  *See*, *e.g.*, Ex. 7-10.

[21]  *See*, *e.g.*, Ex. 7-14.

[22]  *See* Ex. 7-13; Ex. 7-18 to 7-19; 7-24 to 7-27.

In March 2001, following these investigative measures, Aetna notified Garin of its determination that he was no longer totally disabled under the terms of the Plan and terminated Garin's LTD benefits, effective 28 February 2001.[23] Although Garin's counsel requested an appeal of the denial, Aetna did not receive any additional medical records on appeal by the deadline for submitting such information, 25 May 2001.[24] On 15 June 2001, Aetna advised Garin's counsel that it was upholding its original decision.[25] Subsequently, in August 2003, Plaintiff filed this action, asserting a claim for benefits under § 502(a) of ERISA. As noted above, as of 01 January 2004 Aetna ceased providing claims administrative services to the Plan, and consequently ceased having authority to issue payment for LTD benefits from the Plan's funds. Aetna has moved for summary judgment, Plaintiff has responded, and the motion is now ripe for ruling.

## II.   LEGAL STANDARD

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set

---

[23] *See* Ex. 7-32.

[24] *See* Ex. 7-33, Ex. 7-35 and Ex. 8.

[25] *See* Ex. 8-3.

forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental*

*Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

### III. ANALYSIS

Aetna is entitled to summary judgment because the undisputed evidence of record demonstrates that Garin's claim against Aetna is not redressable. Garin asserts a claim against Aetna under ERISA to recover LTD benefits available under the Plan. Aetna, however, no longer provides claims administrative services to the Plan.[26] Indeed, the only competent evidence of record establishes that, as the *former* claims administrator of a *self-funded* ERISA plan, Aetna has no authority to pay benefits to Garin (or anyone else) on behalf of the Plan.[27]

Under similar facts in *Hall v. LHACO, Inc.*,[28] the Eighth Circuit held that no relief may be obtained under ERISA from a former claims administrator of a self-funded ERISA plan

---

[26] *See* Affidavit of Michael A. Evans at ¶ 4.

[27] *Id*.

[28] 140 F.3d 1190 (8th Cir. 1998).

because only the plan and the *current* plan administrator could pay out benefits to a participant.[29]

Specifically, the Eight Circuit concluded that:

> LHACO is in no position, where it is no longer associated with the Plan, to pay out benefits to Hall, even if those benefits should have been paid sooner. Only the Plan and the current plan administrator can pay out benefits to Hall. Furthermore, an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, *i.e.,* the plan administrator, not the plan itself. LHACO, even if it once was the plan administrator for Hall's Plan, is no longer in that capacity, and thus cannot be enjoined to make payments of benefits from the Plan….The terms of Hall's Plan would necessarily have to be enforced against the Plan itself and the *present* administrator: only from them can Hall obtain proper subrogation and payment of benefits pursuant to the terms of his Plan.[30]

The same is true here. "[Garin], like the plaintiff in *Hall*, has no standing to pursue h[is] claim[] against Aetna because [that] claim[ ] [is] not redressable against Aetna."[31]  Thus, on this basis alone, which is clearly established in the record, Aetna is entitled to summary judgment, and its motion must be granted.[32]

## IV.   CONCLUSION

---

[29] *Id.* at 1195-96.

[30] *Id*. at 1196 (emphasis in original).

[31] *Thomas v. Aetna Life Ins. Co*., No. Civ.A.3:99-CV-1163-M, 2000 WL 1239129, at *2 (N.D. Tex. Aug. 31, 2000) (mem.), *aff'd*, 273 F.3d 1101 (5th Cir. 2001).

[32] *See Hall*, 140 F.3d at 1196 (affirming summary judgment in favor of former claims administrator of a self-funded plan because it was no longer in a position to pay claims even if they were covered).

- 9 -

Garin's claim against Aetna is not redressable.  Accordingly, Aetna is entitled to summary judgment.  Final judgment will be entered in favor of Aetna.

**SIGNED** at Houston, Texas, this 1st day of August, 2005.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE